UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Vincent P. Camacho,

Petitioner,

vs.

Richard L. Stiff,

Respondent.

ORDER
AND
REPORT AND RECOMMENDATION

Civ. No. 00-1045 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2000.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondent for reasons which are violative of his rights under the Constitution, laws or treaties of the United States. The Petitioner has also filed an Application to Proceed in forma pauperis.

For these purposes, the Petitioner appears pro se and no appearance has been made by, or on behalf of, the Respondent. For reasons which follow, we order the Respondent to show cause, within 20 days from the date of this Order, why relief should not be granted, and we recommend that the Petitioner's Application for pauper standing be denied.

FILED JUN 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

As a prison inmate, the Petitioner is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998), cert. denied, 119 S.Ct. 1467 (1999).

Here, the Petitioner has supplied a prison trust account statement certifying that he presently maintains an Inmate Account balance of $66.99. Consequently, the Petitioner is obligated to pay the full

$5.00 filing fee to initiate this action. See, Title 28 U.S.C. §1915(b)(1). In the interim, the Petitioner will be permitted to proceed with his civil action.

NOW, THEREFORE, It is --

ORDERED:

That the Respondent show cause, within 20 days from the date of this Order, why relief should not be granted:

1. By making a Return in writing;

2. By filing with the Court a reasoned memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an evidentiary hearing on the merits of the Petition given the requirements of the applicable statutes and the pertinent United States Supreme Court authorities.

Absent compliance with this Order within the 20 day period, the Court will entertain a motion to grant relief to the Petitioner forthwith.

AND, It is --

RECOMMENDED:

That the Petitioner's Application to Proceed in forma pauperis [Docket No. 2] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 23, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 23, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.